UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| AMY R GORMAN, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. H-11-729 |
| | § | |
| VERIZON WIRELESS TEXAS, LLC, *et al*, | § | |
| | § | |
| Defendants. | § | |

## OPINION AND ORDER

Pending before the Court is Plaintiff Amy R. Gorman's motion to remand this case to the 129th Judicial District Court of Harris County, Texas. Doc. 5. Gorman initially filed this case in state court against Defendants Verizon Wireless Texas, LLC ("Verizon Wireless Texas"), Verizon Wireless Services ("Verizon"), and GTE Mobilnet of South Texas Limited Partnership ("GTE"). Defendants subsequently removed the case to this Court, asserting that Gorman fraudulently joined GTE and that this Court therefore had subject matter jurisdiction over the case on the basis of diversity of citizenship between the parties pursuant to 28 U.S.C. § 1332. Doc. 1.

Having considered the motion and response thereto, the facts of this case, and the relevant law, the Court finds that Gorman improperly joined GTE in this action, that complete diversity exists between the parties, and that Gorman's motion to remand should be denied.

Background

Gorman filed her initial complaint, asserting state law claims of employment discrimination on the basis of sex and unlawful retaliation, against Verizon Wireless Texas, Verizon, and GTE in the 129th Judicial District Court on November 19, 2010. Doc. 1-1 at 15. In

that complaint, Gorman alleged that she "was hired by Defendant[1] on or about July 2002 as a Business Sales Representative." *Id.* at 18. She was promoted twice between that time and September 2008, at which point Jason Smith became Gorman's supervisor and allegedly subjected her to "harassment and discriminatory treatment," including excluding her from workplace social events, networking functions, and inter-office communications that were "essential to the efficient performance of Plaintiff's job." *Id.* Gorman alleges that when she questioned Smith about her exclusion he "responded that Plaintiff had to 'pick up [her] kids from day care.'" *Id.*

In September, 2009, Smith demoted Gorman, allegedly without any "legitimate, non-discriminatory reason." *Id.* at 19. After Gorman complained about Smith's conduct to the human resources department in her office, Gorman suffered an "increase in harassment by Smith." *Id.* In December, 2009, Smith again demoted Gorman without a "legitimate, non-discriminatory reason." *Id.* On July 7, 2010, Gorman was terminated from her position, purportedly for violation of her employer's "Business Code of Conduct," although she asserts that she never violated the Code and that her termination was instead a result of continuing gender discrimination by Smith. *Id.*

Gorman filed her initial petition on November 19, 2010 in the 129th District Court for Harris County. Doc. 1-1. Gorman asserted claims under the Texas Commission on Human Rights Act against Verizon Wireless Texas, LLC; Verizon Wireless Services, LLC; and GTE Mobilnet of South Texas Limited Partnership. *Id.* On March 2, 2011, Defendants removed that case to this Court on the grounds of the Court's diversity jurisdiction and asserted that GTE Mobilnet, a citizen of Texas, was fraudulently or improperly joined in this action and, therefore,

---

[1] In her original complaint, Gorman refers to "Defendant" without specifying to which of the three named Defendants she refers.

that complete diversity existed between the parties to satisfy the requirements of 28 U.S.C. § 1332. Doc. 1. On April 1, Gorman filed a motion to remand this case to state court on the grounds that GTE Mobilnet is a proper party in this case. Doc. 5.

Legal Standard

Federal diversity jurisdiction exists "where the matter in controversy exceeds the sum or value of $75,000.00 . . . and is between . . . citizens of different States." 28 U.S.C. § 1332(a); *Addo v. Globe Life and Accident Ins. Co.*, 230 F.3d 759, 761 (5th Cir. 2000). "Defendants may remove an action on the basis of diversity of citizenship if there is complete diversity between all named plaintiffs and all named defendants, and no defendant is a citizen of the forum State." *Lincoln Property Co. v. Roche*, 546 U.S. 81, 84 (2005). Where federal diversity jurisdiction exists, a defendant may remove an action from a State court "to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). The removing party bears the burden of establishing federal jurisdiction. *Allen v. R & H Oil and Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1996); *Laughlin v. Prudential Ins. Co.*, 882 F.2d 187, 190 (5th Cir. 1989).

After removal, a plaintiff may move for remand and, if "it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). Removal statutes are construed "strictly against removal and for remand." *Eastus v. Blue Bell Creameries, L.P.*, 97 F.3d 100, 106 (5th Cir. 1996); *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108–09 (1941). All "doubts regarding whether removal jurisdiction is proper should be resolved against federal jurisdiction." *Acuna v. Brown & Root, Inc.*, 200 F.3d 335, 339 (5th Cir. 2000). Once a motion to remand has been filed, the burden is on the removing party to establish that federal jurisdiction exists. *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1408 (5th Cir. 1995). All

factual allegations are evaluated in the light most favorable to the plaintiff. *Guillory v. PPG Indus., Inc.*, 434 F.3d 303, 308 (5th Cir. 2005).

A removing party can establish federal jurisdiction on the basis of 28 U.S.C. § 1332 by demonstrating that in-state defendants have been "improperly joined." *See Smallwood v. Illinois Cent. R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004). To establish improper joinder, a removing party must show either "'(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court.'" *Id.* (quoting *Travis v. Irby*, 326 F.3d 644, 646-47 (5th Cir. 2003). The Fifth Circuit has made it clear that "the test for fraudulent joinder is whether the defendant has demonstrated that there is no possibility of recovery by the plaintiff against an in-state defendant, which stated differently means that there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant." *Id.* A court may determine a plaintiff's possibility of recovery by conducting "a Rule 12(b)(6)-type analysis, looking initially at the allegations of the complaint to determine whether the complaint states a claim under state law against the in-state defendant." *Id.*

Rule 12(b)(6) allows dismissal if a plaintiff fails "to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b) (6). In *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009), the Supreme Court confirmed that Rule 12(b)(6) must be read in conjunction with Rule 8(a), which requires "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2).

To withstand a Rule 12(b)(6) motion, a complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Twombly,* 550 U.S. at 570; *see also Elsensohn v. St.*

*Tammany Parish Sheriff's Office,* 530 F.3d 368, 372 (5th Cir. 2008). Under Rule 8(a)(2), plaintiffs are not required to include "'detailed factual allegations,' but more than 'an unadorned, the-defendant-unlawfully-harmed-me accusation' is needed." *Id.* (quoting *Twombly,* 550 U.S. at 555). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal,* 129 S.Ct. at 1949. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly,* 550 U.S. at 556).

Analysis

Defendants assert that there is no possibility that Gorman can recover against GTE Mobilnet on her claims under the TCHRA because GTE Mobilnet did not employ Gorman. Gorman argues that she "plainly acted on behalf of GTE Mobilnet of South Texas and in fact signed contracts on behalf of them." She also alleges that she "reported to employees that also signed contracts on behalf of GTE Mobilnet." Doc. 5 at 2.

"A defendant is subject to liability under the TCHRA if: (1) an employer-employee relationship exists between the parties, or (2) in the absence of this relationship, the defendant controls access to the plaintiff's employment opportunities with a third party." *Magallanes v. Penske Logistics, LLC*, 570 F.Supp.2d 907, 912 (W.D.Tex. 2008) (citing *Johnson v. Scott Fetzer Co.*, 124 S.W.3d 257, 263-64 (Tex.App.-Fort Worth 2003). Gorman has made no claims that GTE Mobilnet has interfered with her employment relationship with a third party. Instead she asserts that an employer-employee relationship existed because she signed contracts on behalf of GTE Mobilnet and was supervised by those who did likewise. Doc. 5.

Texas courts apply a "hybrid economic realities/common law control test." to determine

whether an employment relationship exists for purposes of the TCHRA. *Johnson*, 124 S.W.3d at 263. "The economic realities component of the test focuses on whether the alleged employer paid the employee's salary, withheld taxes, provided benefits, and set the terms and conditions of employment. . . . When examining the control component, [Texas courts] focus on whether the alleged employer had the right to hire and fire the employee, the right to supervise the employee, and the right to set the employee's work schedule." *Id.* (citing *Deal v. State Farm County Mut. Ins. Co. of Tex.*, 5 F.3d 117, 118–19 (5th Cir. 1993).

Here, Gorman has asserted no facts that would support her claims that GTE Mobilnet was her statutory employer. She has not alleged that GTE Mobilnet paid her salary, withheld her taxes, provided benefits, or set the terms and conditions of her employment. Nor has she alleged that GTE Mobilnet had the right to hire and fire her, supervise her, or set her schedule. Instead, she relies on the single assertion that she and her supervisors signed contracts on GTE Mobilnet's behalf. Because this allegation does not establish that GTE Mobilnet was Gorman's employer for purposes of the TCHRA, her claims against it must be dismissed. Because Gorman cannot state a claim against the sole non-diverse Defendant named in her original petition, this case was removed properly to this Court under Section 1332.

Conclusion

For the foregoing reasons, the Court hereby

**ORDERS** that Plaintiff Amy R. Gorman's motion to remand (Doc. 5) is **DENIED**.

SIGNED at Houston, Texas, this 19th day of March, 2012.

_____
MELINDA HARMON
UNITED STATES DISTRICT JUDGE